UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23377-CIV-COHN/SELTZER

TASTE TRACKERS, INC., a Florida corporation,

    Plaintiff,

vs.

UTI TRANSPORT SOLUTIONS, INC., an Oregon corporation,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant UTI Transport Solutions' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and More Definite Statement Pursuant to 12(e) [DE 16] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 19] ("Response"), Defendant's Reply [DE 28], the record in the case, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Taste Trackers, Inc. ("Plaintiff") commenced this action against Defendant UTI Transport Solutions, Inc. ("Defendant") on September 18, 2013. According to the Complaint, Defendant provides third party transportation services to its customers. Complaint [DE 1] ¶ 3. Plaintiff distributes wholesale perishable goods which must be delivered to its customers within a short time period. Id. ¶¶ 5, 7. Trade Link Capital, Inc. runs Plaintiff's business operations, including arrangement of third-party transportation services. Id. ¶ 6. Plaintiff contends that it has utilized the services of Defendant to transport its goods since May 2011. Id. ¶ 9. These transportation

services were arranged through Defendant's agent, Van Logistics Worldwide, Inc. ("VLW") Id.  Defendant procured third-party trucking services to pick up and deliver Plaintiff's goods.  Id. ¶ 11.  Defendant was paid after delivery of the goods.  Id. ¶ 12.

According to Plaintiff, on or about August 6, 2013, Plaintiff's managing director Israel Fellig, contacted Jason Lewis of VLW to arrange transport for two freight loads from Miami, Florida, to Gibbstown, New Jersey.  Id. ¶ 16.  Day Logistics, LLC ("Day") was selected as the trucking company to transport both freight loads.  Id. ¶ 18.  Both loads were picked up on August 12, 2013, but neither load reached the New Jersey destination as scheduled on August 13, 2013.  Id. ¶ 21.  On or about August 11, 2013, Mr. Fellig contacted Mr. Lewis to arrange transport of a third freight load from Miami, Florida, to Gibbstown, New Jersey.  Id. ¶ 28.   Day was also selected to transport this load.  Id. ¶ 30.  On August 13, 2013, a driver from Day picked up the third freight load.  Id. ¶ 32.  The goods were never delivered to the warehouse in New Jersey as scheduled on August 14, 2013.  Id. ¶ 33.

Plaintiff brings claims against Defendant for breach of oral contract and negligence.  Both claims are premised on the theory that VLW was acting as Defendant's agent.  Defendant has now moved to dismiss the Complaint on the grounds that it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for failure to join indispensable parties.  Alternatively, Defendant seeks a more definite statement pursuant to Rule 12(e).  Plaintiff opposes the Motion.

## II. DISCUSSION

### A. Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to

dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

Federal Rule of Civil Procedure 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A Rule 12(e) motion is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." Ramirez v. FBI, No. 8:10-cv-1819-T-23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010) (quoting Sun Co., Inc. ® &M) v. Badger Design & Constr., Inc., 939 F. Supp. 365, 368 (E.D. Pa.1996) (internal quotation marks omitted)). Such a motion "is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Id. (quoting Aventura Cable Corp. v.

3

Rifkin/Narragansett S. Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla.1996) (internal quotation marks omitted)).

### B. Plaintiff's Failure to Adequately Plead Agency Warrants Dismissal of the Complaint.

Defendant first argues that inconsistencies and contradictions in the Complaint warrant dismissal or a more definite statement. Motion at 4.  Specifically, Defendant argues that the Complaint fails to allege any facts supporting an agency relationship with VLW or details regarding the role of Trade Link Capital in this litigation.[1]  Id.  In opposition, Plaintiff contends that "the Complaint unequivocally and explicitly states that VLW is Defendant's agent."  Response at 5 (emphasis omitted).  Plaintiff also states that it has not made any claims of apparent agency against Defendant.  Id. at 9.[2]  For the reasons discussed below, the Court disagrees and will dismiss the Complaint for failure to adequately allege agency.

Under Florida law, to plead a claim for actual agency, a complaint must allege: "(1) acknowledgment by the principal that the agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the principal over the actions of the agent." Fernandez v. Fla. Nat'l Coll., Inc., 925 So. 2d 1096, 1101 (Fla. Dist. Ct. App. 2006) (quoting Goldschmidt v. Holman, 571 So. 2d 422, 424 n. 5 (Fla. 1990)).  Here, the Complaint's sole reference to agency is Paragraph 16's statement that VLW is

---

[1] Defendant additionally alleges that Plaintiff's failure to bring suit against Day justifies dismissal of the Complaint.  Motion at 4.  This argument will be analyzed in Section II.E, infra.

[2] Because Plaintiff concedes that it is not making an argument for apparent agency, the Court will not address this issue.

Defendant's agent.  Compl. ¶ 16.  Under Florida law, this conclusory allegation is insufficient to establish agency.  As the Eleventh Circuit stated in Virgilio v. Ryland Group, Inc., 680 F.3d 1329 (11th Cir. 2012), "the critical element of an agency relationship [is] that the principal exercised, or had the ability to exercise, control over the agent."  Id. at 1336.  Here, the Complaint contains no allegation that Defendant controlled VLW.  Accordingly, because both counts of the Complaint are premised upon an agency theory, the Complaint must be dismissed for failure to state a claim.[3]

### C. Plaintiff Has Failed to Plead All Elements Essential for a Breach of Oral Contract Claim.

Defendant also argues that Plaintiff fails to state a claim for breach of an oral contract because Plaintiff failed to allege the specifics of the oral agreement such as mutual formation, consideration, and breach.  Motion at 4-5.  Plaintiff argues that the plain language of the Complaint supports that it has adequately stated a claim for breach of an oral contract.  Response at 7.

Under Florida law, "[t]o prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms."  Uphoff v. Wachovia Sec., LLC, No. 09-80420-CIV, 2009 WL 5031345, at *2 (S.D. Fla. Dec. 15, 2009) (citing St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004)).  Furthermore, "[t]o state a cause of action for breach of an oral contract, a plaintiff is required to allege facts that, if taken as true, demonstrate that the

---

[3] Although dismissal of the Complaint is proper based on Plaintiff's failure to adequately address agency, the Court has also considered Defendant's other arguments in favor of dismissal so that Plaintiff may cure any additional pleading defects in an amended complaint.

5

parties mutually assented to 'a certain and definite proposition' and left no essential terms open." W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So. 2d 297, 299 (Fla. Dist. Ct. App. 1999) (citation omitted).  Here, the Complaint, as currently drafted, fails to reflect all material terms of the alleged oral agreement.  For example, the Complaint is devoid of any mention of the compensation Defendant was to receive for arranging the transport of Plaintiff's goods.  Additionally, as Defendant points out, it is unclear whether Plaintiff conveyed the delivery schedule to VLW for any of the loads. See Motion at 5.  Thus, Plaintiff's failure to identify material terms of the alleged oral contract mandates dismissal of this claim.

### D. Plaintiff Has Adequately Alleged that Defendant Owed Plaintiff a Duty.

Next, Defendant contends that Plaintiff's negligence claim fails because Plaintiff fails to recite facts describing the source of the alleged duty Defendant owed Plaintiff. Motion at 6.  In response, Plaintiff argues that it has adequately alleged the elements of a negligence claim, including duty.  Response at 8.

"[T]o state a claim for negligence under Florida law, a plaintiff must allege that the [Defendants] owed the plaintiff a duty of care, that [Defendants] breached that duty, and that the breach caused plaintiff to suffer damages." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001).  Under Florida law, a "duty can arise from four sources including (1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case."  See Insua v. JD/BBJ, LLC, 913 So. 2d 1262, 1263 (Fla. Dist. Ct. App. 2005) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)).  Here, the Complaint alleges that the selection of the third-

6

party transportation company was left to Defendant's discretion because it "specialize[d] in providing solutions for commercial shipping needs." Compl. ¶ 48. The Complaint further states that Defendant owed Plaintiff a duty to conduct due diligence on the transportation company it selected to transport Plaintiff's goods. Id. ¶ 49. The Court finds that these allegations sufficiently state that Defendant owed Plaintiff a duty under the facts of this case.[4]

### E. Dismissal of the Complaint is Not Warranted for Failure to Join Necessary and Indispensable Parties.

Finally, Defendant moves to dismiss the Complaint based on Plaintiff's failure to join all necessary parties. Motion at 6-8. Defendant argues that both Trade Link Capital and Day are necessary parties to this action because "the alleged misdelivery of cargo would affect one or all of the non-parties which have not been brought into this action." Id. at 7. In opposition, Plaintiff contends that only Defendant is a necessary party to this action. Response at 9. The Court agrees. As the Eleventh Circuit, has explained:

> Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue.
>
> Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982). In making the first determination—i.e., whether the party in question "should be joined," "'pragmatic concerns, especially the effect on the parties and the litigation,' control." Id. (quoting Smith v. State Farm Fire & Cas. Co., 633 F.2d 401, 405 (5th Cir. 1980)); see also In re Torcise, 116 F.3d 860,

---

[4] As discussed above, however, the negligence claim must still be dismissed for failure to properly plead agency.

    865 (11th Cir. 1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation.").

<u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1280 (11th Cir. 2003).  Here, both Plaintiff's causes of action are premised upon the actions or inactions of Defendant, acting through its agent VLW.  Under the facts alleged in the Complaint, neither Trade Link Capital or Day[5] are necessary to resolve these claims.  Because the Court may afford complete relief without any additional parties, dismissal of the Complaint based upon failure to join indispensable parties is not warranted.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant UTI Transport Solutions' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and More Definite Statement Pursuant to 12(e) [DE 16] is **GRANTED** to the extent it seeks dismissal of the Complaint; and

2. Plaintiff shall file an Amended Complaint on or before **January 24, 2014.**

---

[5]     Although Defendant asserts that these parties are indispensable, in the Motion, Defendant also cites Rule 20 which involves permissive, not required joinder of parties.  <u>See</u> Motion at 7.  Under Rule 12(b)(7), only failure to join a necessary party under Rule 19 may result in dismissal of the Complaint.  Fed. R. Civ. P. 12(b)(7).  Defendant has failed to meet its burden of showing that the Court cannot accord complete relief without the joinder of an absent party or that the interest of any non-party will be impaired by their absence from this litigation.  <u>See</u> <u>Sparta Ins. Co. v. Poore</u>, No. 1:13–CV–1692–VEH, 2013 WL 6243707, at *2 (N.D. Ala. Dec. 3, 2013) ("The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence.") (quotation omitted).  Here, the Motion merely speculates regarding the interests of these non-parties.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of January, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.